**IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**
**DISTRICT OF ST. THOMAS AND ST. JOHN**
****************

| | |
|---|---|
| **JUDITH KROMENHOEK,** ) | **CIVIL NO. _____ /2012** |
| ) | |
| **Plaintiff,** ) | **Action for: Housing** |
| ) | **Discrimination; Discrimination** |
| **v.** ) | **Based on Disability; Invasion of** |
| ) | **Privacy; Negligent Infliction of** |
| ) | **Emotional Distress; Intentional** |
| **COWPET BAY WEST CONDOMINIUM** ) | **Infliction of Emotional Distress;** |
| **ASSOCIATION: THE BOARD OF THE** ) | **Prima Facie Tort;** |
| **COWPET BAY WEST CONDOMINIUM** ) | **Punitive Damages; and Injunctive** |
| **ASSOCIATION; ED WARDWELL,** ) | **and Declaratory Judgment** |
| **MAX HARCOURT; BILL CANFIELD,** ) | |
| **ROSIE WELLS, SHARON KOEHLER,** ) | |
| **DOUG REBAK and HERB HORWITZ as** ) | **JURY TRIAL DEMAND** |
| **Board members; MAX HARCOURT,** ) | |
| **in his personal capacity; LANCE** ) | |
| **TALKINGTON; ALFRED FELICE,** ) | |
| **ROBERT COCKAYNE, and** ) | |
| **VINCENT VERDIRAMO** ) | |
| ) | |
| **Defendants.** ) | |

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff **JUDITH KROMENOEK**, by and through her undersigned counsel, the **LAW OFFICES OF KARIN A. BENTZ, P.C.**, (Karin A. Bentz Esq., and Julita K. de León, Esq., of Counsel) and for a Complaint against the Defendants in the above captioned action states and alleges as follows:

**PRELIMINARY STATEMENT**

1.     Over twenty years after Congress passed one of our nation's landmark civil rights law for people with disabilities, Defendants still maintain barriers that prevent persons with disabilities from the full, independent and equal enjoyment of housing at Cowpet Bay Condominium.

2.     Defendants have been and are in violation of federal civil rights laws pertaining to housing and disability, in that they have failed to comply with the federal nondiscrimination statutes.

3.     Defendants have discriminated and continue to discriminate against Plaintiff in many

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.                    Civil No. _____/2012
Verified Complaint                                                          Page 2

ways, including but not limited to failing to make reasonable accommodate in its practice, rules and

regulations so that Plaintiff can keep her emotional  support dog without being fined daily.

        4.      This action is brought by the Plaintiff, Judith Kromenhoek ("Plaintiff") a member of

the Cowpet Bay West Condominium Association.  This action arises under the provisions of the

Civil Rights Act of 1968, §§ 802(h), 804(f)(3)(B), 42 U.S.C. §§3602(h), 3604(f)(3)(B); 42 U.S.C.

§§ 3601-3619 (hereinafter the "Fair Housing Amendments Act, FHAA"); Americans with

Disabilities Act of 1990, 42 U.S.C.. §§ 12101-12212 (hereinafter the "ADA"); and other laws and

policies of the United States and the Territory of the Virgin Islands.

## JURISDICTION AND VENUE

        5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§

1331, 1332 and §1337; and V.I. Code ANN. tit. 4, §32.

        6.      Venue is proper within this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

        7.      Plaintiff, Judith Kromenhoek is a resident of St. Thomas, United States Virgin

Islands.

        8.      Upon information and belief, Defendant Cowpet Bay West Condominium

Association is an entity organized pursuant to the Virgin Islands Condominium Act, V.I. CODE

ANN. tit 28, §901 *et seq.* as amended that resides and operates its principal place of business in St.

Thomas, U.S. Virgin Islands.

        9.      The Declaration for Defendant Cowpet Bay West Condominium Association is

recorded in the Office of the Recorder of Deeds, St. Thomas, U.S. Virgin Islands.

        10.  Defendant Cowpet Bay West Condominium Association, is operated and controlled by

a Board of elected persons.  The Board is authorized by the Virgin Islands Condominium Act and

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**          Civil No. _____/2012
**Verified Complaint**                                                              Page 3

the Declarations of the Cowpet Bay West Condominium Association, with its purpose set forth more fully in Bylaw Article 1, Section 2. The members of the Board are elected by the homeowners of the Cowpet Bay West Condominiums.

   11. Based upon information and belief Defendant Alfred Felice is a resident of Plainview, New York..

   12. Based upon information and belief Defendant Max Harcourt is a resident of St. Thomas, United States Virgin Islands.

   13. Based upon information and belief Defendant Lance Talkington is a resident of St. Thomas, United States Virgin Islands.

   14. Based upon information and belief Defendant Robert Cockayne is a resident of St. Thomas, United States Virgin Islands.

   15. Based upon information and belief Defendant Vincent Verdiramo is a resident of St. Thomas, United States Virgin Islands.

## STATEMENT OF FACTS

   16. Cowpet Bay West Condominium is an upscale Condominium Community located on the east side of St. Thomas, on or near Cowpet Bay, St. Thomas, Virgin Islands.

   17. Plaintiff and her husband own unit W-44 in the Cowpet Bay West Condominium complex.

   18. Plaintiff sat on the Board of the Cowpet Bay West Condominium Association Board and also served as the President at one time.

   19. Plaintiff as owner of a Cowpet Bay West Condominium is subject to the Cowpet Bay West Condominium Association Declarations and Bylaws, as designated above in paragraph 10 and the Rules of the Cowpet Bay West Condominium Board attached here as **Exhibits, A and B** respectively.

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.          Civil No. _____/2012
Verified Complaint                                                 Page 4

20.     In 2011, the Bylaws of the Cowpet Bay West Condominium Association did not prohibit dogs on the premises.

21.     The Rules and Regulations of the Cowpet Bay West Condominium Association prohibited dogs on the premises.

22.     Upon information and belief, the Rules and Regulations of the Cowpet Bay West Association did not provide a written procedure by which one can apply for a reasonable accommodation either under the ADA or the FHAA.

23.     Plaintiff suffers from a medical condition and in May of 2011, Plaintiff obtained an emotional service dog pursuant to her doctor's advice.  Plaintiff acquired the dog in the Continental United States.

24.     In July of 2011, when Plaintiff returned to St. Thomas, Plaintiff submitted to Louanne Schecter, the Cowpet Bay West Condominium Association Officer Manger, information about her dog's qualification as an emotional support animal and a letter from Plaintiff's doctor,  Dr. Sheena M. Walker, Ph.D discussing Plaintiff's diagnosis and recommending the dog to alleviate adverse symptoms associated with Plaintiff's illness.

25.     The documents were submitted to Louanne Schecter as Plaintiff's formal request for reasonable accommodation.

26.     In addition to her reasonable accommodation application, Plaintiff also gave Louanne Schecter a framed copy of the ADA.  Upon information and belief, Louanne Schecter hung the framed copy of the ADA in the Cowpet Bay West Condominium Association's  business office.

27.     Upon information and belief, the Cowpet Bay West Condominium Association Board took no formal action on Plaintiff's reasonable accommodation application.

28.     Upon information and belief,  Max Harcourt, the then President of the Cowpet Bay West Condominium Board  took down the framed copy of the American with Disabilities Act that hung in the Cowpet Bay West Condominium Association business office and said that "we go by

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**   Civil No. _____/2012
**Verified Complaint**   Page 5

Cowpet Bay rule not by ADA."

29.   After filing her request for reasonable accommodation, members of the Association began complaining about the presence of dogs in the Community and the need to enforce the NO DOGS RULE.  Some members, specifically Alfred Felice, Max Harcourt, Lance Talkington, Robert Cockayne and Max Veridramo went on a public campaign to humiliate, intimidate, discredit and harass Plaintiff for requesting a reasonable accommodation for Plaintiff' emotional support dog.

30.   As part of the campaign to harass and intimidate Plaintiff, some members of the Cowpet Bay West Condominium Association requested to review Plaintiff's reasonable accommodation request although they were not current Cowpet Bay West Condominium Association Board members.  Members of the Cowpet Bay West Condominium Association and some Cowpet Bay West Board members blogged about the authenticity of Plaintiff's request and refer to Plaintiff's emotional support dog as a "sham pet."

31.   Plaintiff faced open hostility from members of the Cowpet Bay West Condominium Association and Cowpet Bay West Condominium Board for submitting an application for reasonable accommodation for Plaintiff's emotional support dog. Plaintiff  continues to face hostility.

32.   To stave off some of the harassment and hostility, Plaintiff spoke Max Harcourt and invited him to review her request for reasonable accommodation, which had been pending for more than five months in the Cowpet Bay West Condominium Association business office.  Plaintiff requested that Max Harcourt signs a waiver because Plaintiff was told that Max Harcourt previously reviewed Barbara Walters' application and discussed and shared the content of the file with  persons that were not on the Cowpet Bay West Condominium Board.

33.   Max Harcourt reviewed Plaintiff's reasonable accommodation application and discussed the content of the Plaintiff's  reasonable application file with Lance Talkington, although he is not a member of the Board. Max Harcourt refused to sign a waiver.  Upon information and belief, Max Harcourt represented to Louanne Schecter that Plaintiff gave him permission to review

her application.  Max Harcourt was allowed to review the application but subsequently shared the content of the application with at least Lance Talkington.

34.     Lance Talkington discussed the content of Plaintiff's reasonable application on the Cowpet Bay Blog (the "blog").  As a result, the content of Plaintiff's reasonable application was mocked and ridiculed on the blog

35.     The public ridicule and threats came mostly from Lance Talkington and Alfred Felice Lance Talkington along with Alfred Felice publicly denounced Plaintiff for having an emotional support animal on the premises and questioned the legitimacy of Plaintiff's reasonable accommodation application on the blog. They both ridiculed Plaintiff for submitting an application for reasonable accommodation and even went as far to suggest that Plaintiff's reasonable accommodation request is baseless.

36.     On or around October of 2011, Max Harcourt responded to an email from the blog in which Plaintiff and Barbara Walters were specifically targeted for ridiculed and for having emotional support dogs on the premises. Lance Talkington. Alfred Felice and others clamored for the Cowpet Bay West Condominium Board to "do something about the dog lovers on the premises."

37.     Max Harcourt responded by posting the letter, which was addressed to Plaintiff and Barbara Walters on the blog. **Exhibit C.**

38.     In his letter, Max Harcourt accused Plaintiff of violating the NO DOGS RULE of the Cowpet Bay West Rules and Regulations. Despite acknowledging that Plaintiff "had papers in the office" regarding service dogs, Max Harcourt asked that Plaintiff submit an additional application, although neither the Bylaws nor the Rules and Regulations provides any written guidance as to how to apply for a reasonable accommodation.

39.     Upon information and belief, Alfred Felice blogged that Plaintiff be fined significantly, be ostracized in the Cowpet Bay West Condominium community or be encouraged to move out of the community.

40.     Lance Talkington and Alfred Felice continued to harass and to attack Plaintiff and Barbara Walters for filing a reasonable accommodation pursuant to the FHAA and the ADA. They referred to Plaintiff and Barbara Walters as "shrill" and as the "coven."

41.     On or around January 16, 2012, Alfred Felice sent out an email to more than 50 people Cowpet Bay West Condominium Association members informing them that the "ADA law does not prevent a community from excluding DOGS.

42.     On or around January 19, 2012, the Cowpet Bay West Condominium Board met and voted to start assessing fines to owners in "violation of the NO DOGS RULE."     The fines are $50.00 per day for owners who are in violation of the NO DOGS RULE.

43.     Upon information and belief, in February of 2012, the Cowpet Bay West Condominium Board voted to include the "NO DOGS RULE in its Bylaws but did not provide for an exception for neither the ADA and or the FHAA.  Also, the Cowpet Bay West Condominium Association did not adopt a procedure by which a member can apply for a reasonable accommodation, nor did it adopt a Reasonable Accommodation Policy.

44.     The Cowpet Bay West Condominium Board has taken no action on Plaintiff's request for reasonable accommodation although the request was submitted in July of 2011. However, Plaintiff has been fined and continues to be fined $50.00 per day by the Cowpet Bay West Condominium Board for having an emotional support dog on the premises.

45.     Despite pleas by Plaintiff and upon her behalf, the Cowpet Bay West Condominium Board has refused to grant Plaintiff and opportunity to present any statement, evidence, or witness in support of her application for a reasonable application.  The Cowpet Bay West Condominium Association continues to claim improper fines against Plaintiff and continues to ban Plaintiff's emotional support dog from Plaintiff's home.

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.       Civil No. _____/2012
Verified Complaint                                                       Page 8

## COUNT I: VIOLATION OF THE FHAA
### (Against Defendants Cowpet Bay West Condominium  Association
### Cowpet Bay West Condominium Board)

46.     Plaintiff realleges and incorporates by reference the remainder of the allegations set forth herein.

47.     42 U.S.C. §3604(f)(3)(b), commonly known as the Fair Housing Act Amendment (FHAA), prohibits housing providers from discriminating against applicants or residents because of their disability and from treating persons with disabilities less favorably than others because of their disability.

48.     The FHAA also makes it unlawful for any person to refuse " to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity  to use and enjoy a dwelling.

49.     Defendant Cowpet Bay West Condominium Association owns, operates and/or leases condominium in Cowpet Bay West.

50.     Cowpet Bay West is a place of public accommodation. 42 U.S.C §§3601-3619.

51.     Defendant Cowpet Bay West Condominium Association knew or reasonably should have known of Plaintiff's disability.

52.     Defendants Cowpet Bay West Condominium Association and Cowpet Bay West Condominium Board have discriminated against Plaintiff by denying Plaintiff as a person with a disability, the equal opportunity to use and enjoy a dwelling on the basis of disability.  Defendants' discriminatory conducts include but is not limited to;

     a.     Discriminatory exclusion and or denial of services, privileges, accommodations, and/or opportunities in Defendant Cowpet Bay West Condominium Board Rules and Regulations.

     b.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the privileges, advantages, and/or accommodations of Cowpet

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.          Civil No. _____/2012
Verified Complaint                                                  Page 9

Bay West to Plaintiff.

c.    Failing to act upon and/or refusing Plaintiff's request for reasonable accommodation.

d.    Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

e.    Failing to adopt an exception to its NO DOGS RULE and or a reasonable accommodation policy so that Plaintiff and other individuals with disabilities have equal opportunity to use and enjoy a dwelling at Cowpet Bay West.

f.    Adopting rules and regulations that have a desperate impact on Plaintiff and others like her that suffer from a disability and require the use of an emotional support animal.

g.    Failing to make a reasonable accommodation in rules, practice, and services after learning of Plaintiff's disability.

53.    As such Defendants discriminate and will continue to discriminate in the future against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, privileges, facilities accommodations, advantages and/or opportunities of Cowpet Bay West in violation of the Civil Rights Act of 1968, §§802(h), 8049f)(3)(B), 42 U.S.C. §§3602(h), 3604(f)(3)(B) and or their implementing rules and regulations.

54.    Defendants violations of the FHAA and the Civil Rights Act of 1968 have harmed and will continue to harm Plaintiff in the future.

55.    Pursuant to the remedies, procedures and rights set forth in 42 U.S.C §3614 (d)(1) and (2), Plaintiff prays for judgment as set forth below.

## COUNT II: VIOLATION OF SECTION 3617 OF THE FHAA
### (Max Harcourt)

56.    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference as though fully restates, wholly, in this Count.

1

2

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**       Civil No. _____/2012
**Verified Complaint**                                             Page 10

3
4

     57.     Max Harcourt is a member of the Cowpet Bay West Condominium Association and was the President, at the time Plaintiff applied for a reasonable accommodation.

5
6

     58.     Max Harcourt, individually, vitiated Plaintiff's request for reasonable accommodation by insisting that the Cowpet Bay West Condominium Association Bylaws trumped the FHAA.

7
8

     59.     Max Harcourt joined Lance Talkington and others to publicly ridicule the content of Plaintiff's request for reasonable accommodation on the blog.

9
10
11
12
13

     60.     Section 3617 of the FHAA inter alia makes it unlawful for any person to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 803, 804, 805, 806 of this title.

14
15

     61.     Max Harcourt violated Section 3617 of the FHAA by interfering with Plaintiff in her exercise of the right granted or protected by Sections 803, 804, 805, 806 of the FHAA.

16
17

     62.     Defendant Max Harcourt's violations of the FHAA have harmed and will continue to harm Plaintiff.

18
19

     63.     Pursuant to the remedies, procedures and rights set forth in 42 U.S.C §3614 (d)(1) and (2), Plaintiff prays for judgment as set forth below.

20
21
22

     64.     In doing the acts and/or omissions alleged herein, Max Harcourt wrongfully and unlawfully interfered with Plaintiff's exercise of her right to reasonable accommodation and acted with knowledge of the effect his conduct was having on Plaintiff.

23
24
25

## COUNT III: VIOLATION OF SECTION 3617 OF THE FHAA
### (Cowpet Bay West Condominium Association)

26

     65.     Plaintiff incorporates all proceeding paragraphs herein by reference as though fully restated, wholly, in the Count.

27
28

     66.     Defendant Cowpet Bay West Condominium Association was created pursuant to

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.        Civil No. _____/2012
Verified Complaint                                               Page 11

Chapter 28 of the Virgin Islands Code and as such is obligated to comply with the provisions of the FHAA.

67.     The conduct alleged herein violates the FHAA, including §3617 <u>et seq.</u>

68.     Section 3617 of the FHAA <u>inter alia</u> makes it unlawful for any person to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 803, 804, 805, 806 of this title.

69.     Defendant Cowpet Bay West Condominium Association  violated Section 3617 of the FHAA by interfering with Plaintiff's request for reasonable accommodation.  Defendant Cowpet Bay West Condominium Association also violated Section 3617 of the FHAA by attacking Plaintiff's credibility and character on the blog. This is design to intimidate Plaintiff and to coerce Plaintiff against exercising her right to request a reasonable accommodation.

70.     Defendant Cowpet Bay West Condominium Association's violations of the FHAA have harmed and will continue to harm Plaintiff.

71.     Pursuant to the remedies, procedures and rights set forth in 42 U.S.C §3614 (d)(1) and (2), Plaintiff prays for judgment as set forth below.

## COUNT IV: VIOLATION OF SECTION 3217 OF THE FHAA
### (Alfred Felice)

72.     Plaintiff re alleges and incorporates by reference all preceding paragraphs herein as though fully restated, wholly, in the Count.

73.     Defendant Alfred Felice is a an owner of a Condominium unit at Cowpet Bay West and  a member of the Cowpet Bay West Association.

74.     Defendant Alfred Felice began interfering with  Plaintiff on the Cowpet Bay Blog once he learned that Plaintiff had requested reasonable accommodation for an emotional support

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**                    Civil No. _____/2012
**Verified Complaint**                                                           Page 12

animal, her dog.

75.    Defendant Alfred Felice interfered with Plaintiff's right to request reasonable accommodation by using the blog to discredit Plaintiff and  and to attack  Plaintiff's character. Defendant Alfred Felice's actions were designed to intimidate Plaintiff so that Plaintiff can relinquish Plaintiff's right to request a reasonable accommodation for an emotional support animal.

76.    Section 3617 of the FHAA <u>inter alia</u> makes it unlawful for any person to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 803, 804, 805, 806 of this title.

77.    Defendant Alfred Felice violated Section 3617 of the FHAA by interfering with Plaintiff's exercise of her right to request for a reasonable accommodation.

78.    Defendant Alfred Felice violation of the FHAA has harmed and will continue to harm Plaintiff.

79.    Pursuant to the remedies, procedures and rights set forth in 42 U.S.C §3614 (d)(1) and (2), Plaintiff prays for judgment as set forth below.

## COUNT V: VIOLATION OF SECTION 3217 OF THE FHAA
### (Lance Talkington)

80.    Plaintiff re alleges and incorporates by reference all preceding paragraphs herein as though fully restated, wholly, in the Count.

81.    Upon information and belief Defendant Lance Talkington owns at least one Condominium unit at Cowpet Bay West and is a member of the Cowpet Bay West Condominium Association.

82.    Upon information and belief Defendant Lance Talkington runs the blog and used the blog to attack Plaintiff and others who applied for a reasonable accommodation.

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**
**Verified Complaint**

Civil No. _____/2012
Page 13

83.     Defendant Lance Talkington's actions were designed to intimidate and to bully Plaintiff from seeking a reasonable accommodation for Plaintiff's emotional support dog.

84.     Defendant Lance Talkington interfered with Plaintiff's exercise of her right to request a reasonable accommodation by attacking Plaintiff's character and the authenticity of the documents submitted as part the reasonable accommodation application.

85.     Defendant Lance Talkington interfered with Plaintiff's exercise of her right to request a reasonable accommodation by discussing Plaintiff's medical records on the blog.

86.     Defendant Lance Talkington's actions were design to coerce Plaintiff into not exercising her right to request a reasonable accommodation.

87.     Defendant Lance Talkington's action was designed not only to humiliate Plaintiff but to get Plaintiff to walk away from Plaintiff's reasonable accommodation application.

88.     The conduct herein violates the FHAA, including Section 3617 of the FHAA.

89.     Section 3617 of the FHAA inter alia makes it unlawful for any person to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 803, 804, 805, 806 of this title.

90.     Defendant Lance Talkington violated the FHAA, inter alia, by interfering with Plaintiff's exercise of her right to request a reasonable accommodation. Defendant Lance Talkington violated the FHAA by, inter alia, interfering with Plaintiff's rights to request a reasonable accommodation and by using the blog to intimidate and to coerce Plaintiff into not exercising her right to request a reasonable accommodation.

91.     Defendant Lance Talkington's violations of the FHAA have harmed and will continue to harm Plaintiff in the future.

92.     Pursuant to the remedies, procedures and rights set forth in 42 U.S.C §3614 (d)(1)

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.                    Civil No. _____/2012
Verified Complaint                                                           Page 14

and (2), Plaintiff prays for judgment as set forth below.

### COUNT VI: VIOLATION OF THE AMERICAN WITH DISABILITIES ACT
(Cowpet Bay West Condominium Association and Cowpet Bay West
Condominium Association Board of Directors)

93.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein as though fully restated, wholly, in the Count.

94.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation."

95.     Defendants owns, operates, leases and/or leases condominium units in Cowpet Bay, St. Thomas, Virgin Islands.

96.     Cowpet Bay West Condominium is a place of public accommodation. 42 U.S.C. §12181(7)(B).

97.     Defendants have discriminated against Plaintiff on the basis of disability. Defendants discriminatory conducts include but is not limited to

a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities.

b.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Cowpet Bay West Condominium to Plaintiff based on Plaintiff's disabilities.

c.     Failing to remove barriers where it would be readily achievable to do so that Plaintiff and others with disabilities may enjoy the privilege of owning a Condominium unit at Cowpet Bay West.

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.        Civil No. _____/2012
Verified Complaint                                                Page 15

     d.      Failing to adopt a NO DOGS RULE with an exception that allows for the implementation of the ADA; and failing to adopt a Reasonable Accommodation Policy.

     E.      For allowing private rules and regulations to trump the provision of the ADA that requires reasonable accommodation.

     98.     As such Defendants discriminate against Plaintiff and will continue in the future to discriminate against Plaintiff on the basis of disability in the full, and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Cowpet Bay West Condominium in violation of Title III of the American with Disabilities Act, 42 U.S.C.§12181 et seq. and/or its implementing regulations.

     99.     Defendants violation of the ADA has harmed and will continue to harm Plaintiff.

     100.    Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C.§12188, Plaintiff prays for judgment as set forth below.

## COUNT VII: THE COWPET BAY WEST CONDOMINIUM BOARD EXCEEDED ITS AUTHORITY BY ADOPTING THE NO DOGS RULE

     101.    Plaintiff incorporates all preceding paragraphs herein by reference as though fully restated, wholly, in the Count.

     102.    Defendant Cowpet Bay West Condominium Association adopted Bylaws pursuant to Chapter 33, of Title 28 of the Virgin Islands Code.

     103.    At the time Plaintiff requested a reasonable accommodation for her dog, the Bylaws of Defendant Cowpet Bay West Condominium Association placed no restrictions on dogs on the Cowpet Bay West premises.

     104.    The Defendant Cowpet Bay West Condominium Board adopted rules and regulations, which are more restrictive than the Bylaws and places a restriction on the condominium owners' right to own an animal, including emotional support dogs in a manner not contemplated by the

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**          Civil No. _____/2012
**Verified Complaint**                                                  Page 16

Bylaws.

105.    The Defendant Cowpet Bay West Condominium Board acted outside the scope of their power when they adopted rules that are more restrictive than the Bylaws.

106.    As a result of the Defendant Cowpet Bay West Condominium Board implementing this invalid rule, Plaintiff has suffered damages and losses, and will continue to suffer loss and damages, including but not limited to emotional distress, financial loss and other losses for which Defendant Cowpet Bay West Condominium Board is liable.

## COUNT VIII: COWPET BAY WEST CONDOMINIUM BOARD ACT OF ASSESSING A FINE WAS ULTRA VIRES

107.    Plaintiff incorporates all preceding paragraphs herein by reference as though fully restated, wholly, in the Count.

108.    Defendant Cowpet Bay West Condominium Association adopted Bylaws pursuant to Chapter 33, of Title 28 of the Virgin Islands Code.

109.    At the time Plaintiff requested a reasonable accommodation for her dog, the Bylaws of Defendant Cowpet Bay West Condominium Association placed no restrictions on dogs on the Cowpet Bay West premises.

110.    The Defendant Cowpet Bay West Condominium Board adopted rules and regulations, which are more restrictive than the Bylaws. The Rules and Regulations places a restriction on the condominium owners' right to own an animal, including emotional support dogs in a manner not contemplated by the Bylaws.

111.    The Defendant Cowpet Bay West Condominium Board acted outside the scope of their power when they adopted rules that are more restrictive than the Bylaws.

112.    Defendant Cowpet Bay West Condominium Board began assessing a $50.00 per day fine for violating the NO DOGS RULE.

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**          Civil No. _____/2012
**Verified Complaint**                                                  Page 17

113.    Defendant Cowpet Bay West Condominium Board had no basis upon which to assess the $50.00 per day fine as the NO DOGS RULE exceeded its authority.

114.    Defendant Cowpet Bay West Condominium Board acted ulra vires when it assessed the $50.00 per day fine.

115.    As a result of the Defendant Cowpet Bay West Condominium Board's ultra vires action, Plaintiff suffered damages and losses, and will continue to suffer loss and damages, including but not limited to emotional distress, financial loss and other losses for which Defendant Cowpet Bay West Condominium Board is liable.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### ( Alfred Felice )

116.    Plaintiff incorporates all preceding paragraphs herein by reference as though fully restated, wholly, in the Count.

117.    Defendant Alfred Felice acted intentionally and recklessly when he suggested on the blog that Plaintiff's emotional service dog was a "sham pet" and when he recommended to Cowpet Bay West Condominium Association members that Plaintiff be "ostracized, NO dinner dates, no patronage of their establishments, no conversations, no beach conclaves, just ignore them completely!!!"

118.    Defendant Alfred Felice conduct publicly attacking Plaintiff's character and mischaracterizing's Plaintiff's motives for applying for a reasonable accommodation are extreme and outrageous.

119.    As a result of Defendant's outrageous conducts Plaintiff has suffered severe mental anguish, shame, humiliation, embarrassment, worry and nausea.

120.    As a result of Defendant Alfred Felice's extreme and outrageous conducts, Plaintiff has suffered severe emotional distress and will continue to suffer severe emotional distress and other damages for which Defendant Alfred Felice is personally liable for compensatory and punitive

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**        Civil No. _____/2012
**Verified Complaint**                                               Page 18

damages to Plaintiff.

### COUNT X: CONSPIRACY TO COMMIT AN UNAUTHORIZED ACT
#### (Against all individual Defendants in their personal capacities)

121.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully restated, wholly, in this Count.

122.    All individual defendants, through and among themselves, have conspired with each other, and acted in concert, to violate the FHAA and deny Plaintiff her request for reasonable accommodation, without authority, to deprive her of protected rights and interests, to defame her, to cause her emotional distress and suffering, and to deprive her full enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Cowpet Bay West.

123.    Defendants' acts and omissions as aforesaid are overt acts in furtherance of their conspiracy, and taken together constitute a civil conspiracy to harm Plaintiff and to deny her civil rights under the FHAA and the ADA.

124.    As a direct and proximate result of the foregoing, Plaintiff has suffered damages, losses, and severe emotional distress, for which said defendants are jointly and severally liable.

### COUNT XI: PRIMA FACIE TORT CLAIM

125.    Plaintiff incorporates all proceeding paragraphs herein by reference as though fully re-stated, wholly, in the Count.

126.    The Defendants through their wrongful violations of, inter alia, the FHAA and the ADA, caused Plaintiff to be improperly deprived of reasonable accommodation.

127.    None of the Defendants had an objective justification for depriving Plaintiff of the aforementioned civil right.

128.    Defendants' acts and omissions as aforesaid were such that they offend common

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.        Civil No. _____/2012
Verified Complaint        Page 19

decency and sensibilities.

129.    As a direct and proximate result of Defendants' wrongful and illegal acts and omissions, as aforesaid, Plaintiff was defamed, suffered loss of reputation, mental anguish, pain and suffering and loss of enjoyment of life. In addition, Plaintiff is assessed a daily monetary fined and has and will continue to suffer losses and damages for which Defendants are liable.

## COUNT XII: COWPET BAY WEST CONDOMINIUM BOARD'S ACTION IS VOID

130.    Plaintiff incorporates all preceding paragraphs herein by reference as though fully restated, wholly, in the Count.

131.    Because the Cowpet Bay West Condominium Board exceeded its authority when it adopted the NO DOGS RULE each and every subsequent action taken by the Cowpet Bay West Condominium Board pursuant to the NO DOGS RULE is *void ad initio*.   These actions include but are not limited to:

    a.      the daily fines levied upon Plaintiff;

    b.      the intentional publication of false and wrongfully imposed fines, penalties and or late charges in its monthly invoices;

    c.      the letter posted on the blog that Plaintiff and Barbara Walters violated the NO DOGS RULE and continues to violate the NO DOGS RULE.

132.    The actions of the Cowpet Bay West Condominium Board described above have damaged Plaintiff.

## COUNT XIII: COWPET BAY WEST CONDOMINIUM BOARD WAS NEGLIGENT

134.    Plaintiff repeats and re-alleges all preceding paragraphs  as though fully restated, wholly, in this Count.

135.    The Cowpet Bay West Condominium Board was negligent for posting a letter, which

**Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.**      Civil No. _____/2012
**Verified Complaint**                                             Page 20

was addressed to Plaintiff and Barbara Walters on the blog labeling Plaintiff and Barbara Walters

violators of the NO DOG RULES contrary to safeguards plainly and unambiguously set forth in the

Bylaws such that each and every subsequent action taken by the Cowpet Bay West Condominium

Board pursuant thereto is *void ab initio*. These actions include but are not limited to:

      a.     posting the letter on the blog wherein Plaintiff and Barbara Walters were found to

               be in violation of the NO DOGS RULE.

      b.     the daily fines levied upon Plaintiff;

      c.     the negligent publication of false and wrongfully imposed fines, penalties and or late

               charges;

    136.    The negligence of the Cowpet Bay West Condominium Board described above has

damaged Plaintiff

### COUNT XIV: DEFAMATION AND SLANDER PER SE
### (All Defendants individually named)

    137.  Plaintiff incorporates all proceeding paragraphs herein by reference as though fully

re-stated, wholly, in the Count.

    138.  Defendants Lance Talkington, Max Harcourt, Alfred Felice, Robert Cockayne and

Vincent Verdiramo, wilfully and intentionally published false and wrongful information on the blog

and other venues.

    139.  The above described information is false and injurious as to Plaintiff. It lowers the

professional and personal reputation of Plaintiff in the Cowpet Bay West community, as it was

understood by the members thereof, and such publications were calculated to elicit that very response

from that respected community.

    140.  These intentional and reckless acts of defamation constitute Libel and Slander per se

from which Plaintiff has suffered injuries.

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.          Civil No. _____/2012
Verified Complaint                                                 Page 21

## COUNT XV: NEGLIGENT AND/OR INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

141.   Plaintiff incorporates all proceeding paragraphs herein by reference as though fully re-stated, wholly, in the Count.

142.   By their extreme and outrageous conducts directed at Plaintiff, Defendants, Cowpet Bay West CondominiumBoard, Lance Talkington, Max Harcourt, Robert Cockayne and Vincent Verdiramo have intentionally, or alternatively by way of gross negligence or negligence, caused the infliction of severe emotional distress by:

a.   The Cowpet Bay West Condominium Board refusing to provide Plaintiff with a reasonable accommodation for Plaintiff's emotional support animal; publishing on the blog that Plaintiff violated the NO DOGS RULE; and imposing unreasonable and egregious fines, penalties and or interests against Plaintiff;

b.   Lance Talkington, Max Harcourt, Robert Cockayne and Vincent Verdiramo: by posting or sending vengeful, malicious, grossly negligent and or negligent blogs and or emails to force Plaintiff to withdraw her application for a reasonable accommodation without consideration for Plaintiff's statutory rights under the FHAA and the ADA; and

c.   Lance Talkington, Max Harcourt, Robert Cockayne and Vincent Verdiramo: by public ridicule and mockery of Plaintiff for exercising her statutory right to apply for a reasonable accommodation pursuant to the ADA and FHAA when the Cowpet Bay West Condominium Board failed to provide a written policy and or procedure for applying for reasonable accommodation.

143.   These intentional, grossly negligent and negligent acts of Defendants have caused Plaintiff severe emotional distress, as Plaintiff fears being displaced from her home, has been ridiculed by her community, ostracized in her community and suffers professional loss of credibility.

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.                    Civil No. _____/2012
Verified Complaint                                                            Page 22

## COUNT XVI: INVASION OF PRIVACY:
### PUBLIC DISCLOSURE OF PRIVATE FACTS
#### (Cowpet Bay West Board of Directors)

144.    Plaintiff incorporates all proceeding paragraphs herein by reference as though fully re-stated, wholly, in the Count.

145.    Defendant, Cowpet Bay West Board disclosed private information concerning Plaintiff when it openly discussed Plaintiff's application for a reasonable accommodation, including Plaintiff's medical condition and emotional support animal's registration at the Cowpet Bay West Condominium Board meeting and posted a letter addressed to Plaintiff and Barbara Walters on the blog accusing Plaintiff of violating the NO DOGS RULE.

146.    Plaintiff considered the publicity highly offensive and a reasonable person in Plaintiff's position would also consider the publicity highly offensive.

147.    The Cowpet Bay West Condominium Board knew, or acted with reckless disregard of the fact, that Plaintiff would consider the publicity highly offensive and that a reasonable person in Plaintiff's position would consider the publicity highly offensive.

148.    The private information, Plaintiff's medical diagnosis and Plaintiff's emotional support animal's registration were not of legitimate public concern.  The private information did not have a substantial connection to a matter of legitimate public concern.

149.    Plaintiff was harmed; and

150.    That Defendant Cowpet Bay West Condominium Board 's conduct was a substantial factor in causing Plaintiff's harm.

## COUNT XVII: INVASION OF PRIVACY:
### PUBLIC DISCLOSURE OF PRIVATE FACTS
#### (Max Harcourt, Lance Talkington, Alfred Felice)

151.    Plaintiff incorporates all proceeding paragraphs herein by reference as though fully re-stated, wholly, in the Count.

152.    Defendants Max Harcourt, Lance Talkington and Alfred Felice publicized private information by discussing publicly Plaintiff's application for a reasonable accommodation including Plaintiff's medical diagnosis and the certification for Plaintiff's emotional support animal on the blog.

153.    Plaintiff considered the publicity of her private information highly offensive and a reasonable person in Plaintiff's position would consider the publicity highly offensive.

154.    Plaintiff's medical diagnosis and Plaintiff's certification for her emotional support animal are not of legitimate public concern and or did not have a substantial connection to a matter of legitimate public concern.

155.    Defendants Alfred Felice, Lance Talkington and Max Harcourt knew, or acted with reckless disregard of the fact, that a reasonable person in Plaintiff's position and or Plaintiff would consider the publicity highly offensive. Defendants' actions were done solely to harass Plaintiff and to frustrate Plaintiff's efforts in requesting and obtaining a reasonable accommodation for her emotional support dog.

156.    Plaintiff was harmed; and

157.    Defendants Alfred Felice, Lance Talkington and Max Harcourt's conduct was a substantial factor in causing Plaintiff's harm.

## COUNT XVIII: INVASION OF PRIVACY: WRONGFUL INTRUSION

158.    Plaintiff incorporates all proceeding paragraphs herein by reference as though fully re-stated, wholly, in the Count.

159.    Plaintiff had a reasonable expectation of privacy in the Cowpet Bay West Condominium Association business office when she submitted her application for reasonable accommodation.  Plaintiff expected that the application including her medical diagnosis and information about her dog certification would be kept private.

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.                    Civil No. _____/2012
Verified Complaint                                                          Page 24

160.   Defendants Lance Talkington, Max Harcourt and Alfred Felice intentionally intruded in Plaintiff's privacy.

161.   This intrusion was done solely for the purpose of discrediting and intimidating Plaintiff to prevent her from pursuing a request for reasonable accommodation for Plaintiff's emotional support dog.

162.   Defendants intrusion was highly offensive to Plaintiff and would be highly offensive to a reasonable person in Plaintiff's position.

163.   As a result of Defendants' conducts Plaintiff was harmed and Defendants' conducts were a substantial factor in causing Plaintiff's harm.

## COUNT XIV: INVASION OF PRIVACY: FALSE LIGHT

164.   Plaintiff incorporates all proceeding paragraphs herein by reference as though fully re-stated, wholly, in the Count.

165.   Defendants publicize information or material that showed Plaintiff in a false light on the blog and in emails.

166.   Plaintiff considers the portrayal of her on the blog and in email in a false light to be highly offensive and a reasonable person in Plaintiff's position would find the publication to be highly offensive.

167.   Defendants intended the publication to create a false impression of Plaintiff to coerce Plaintiff into dropping her request for reasonable accommodation.

168.   Defendants acted with reckless disregard for the truth because their actions were motivated by intimidating Plaintiff into backing away from her request for reasonable accommodation.

169.   As a result of Defendants' actions Plaintiff suffered harm.

170.   Defendants' conducts were a substantial factor in causing harm to Plaintiff.

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.          Civil No. _____/2012
Verified Complaint                                                Page 25

## COUNT XX: INVASION OF PRIVACY

171. Plaintiff incorporates all proceeding paragraphs herein by reference as though fully re-stated, wholly, in the Count.

172. Defendants Cowpet Bay West Condominium Association and Cowpet Bay West Condominium Board invaded Plaintiff's privacy.

173. Plaintiff had a reasonable expectation of privacy that her application for a reasonable accommodation and the content of the application would not be made public when she submitted the application to Cowpet Bay West Condominium Association business office.

174. Instead, the content of Plaintiff's application was shared with Cowpet Bay West Association members who are not members of the Cowpet Bay West Condominium Board.

175. As a result, Plaintiff's private information was posted on the blog and was the topic of several blog entries for more than four months.

176. As a result of the publication, Plaintiff was mocked and was ostracized from the community.

177. Plaintiff's private information was not of legitimate public concern and or did not have substantial connection to a matter of legitimate public concern.

178. Defendants knew that the publication would be considered highly offensive by Plaintiff and that Defendant acted with reckless disregard that a reasonable person in Plaintiff's position would consider the publicity highly offensive. Defendants intended for the publication to be highly offensive so that Plaintiff could abandon her reasonable accommodation application.

179. Plaintiff was harmed and Defendants' conduct are a substantial factor in causing Plaintiff's harm.

### WHEREFORE, THE PREMISES CONSIDERED, PLAINTIFF PRAYS:

A.    That this Court declare that by its acts and/or omissions and practices, the Defendants
      have violated rights secured to Plaintiff by the FHAA, the ADA, and other public

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.     Civil No. _____/2012
Verified Complaint     Page 26

     laws and policies of the United States and the Territory of the U.S. Virgin Islands.

B.    That this Court order Defendants to make Plaintiff whole, insofar as she was adversely affected by Defendants' discriminatory practices by awarding damages, including interest in an amount to be shown at trial, and other affirmative relief.

C.    That the Court grant compensatory and punitive damages.

D.    That the Court grant Plaintiff her attorney's fees, costs and disbursements.

E.    That the Court grant additional relief as the Court deems just and proper.

**JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**LAW OFFICES OF KARIN A. BENTZ, P.C.**

Dated: April 9, 2012     /s/ Karin A. Bentz
**KARIN A. BENTZ, ESQ.**
**JULITA K. de LEÓN, ESQ.**
5150 Dronningens Gade, Suite 8
St. Thomas, Virgin Islands 00802
Telephone: 340-774-2669
Telecopier: 340-774-2665
E-mail: kbentz@virginalaw.com

Judith Kromenhoek vs. Cowpet Bay West Condominium, et al.    Civil No. _____/2012
**Verified Complaint**    Page

## VERIFICATION

**TERRITORY OF THE VIRGIN ISLANDS**    )
    ) ss
**DISTRICT OF ST. THOMAS & ST. JOHN**    )

      I, **Judith Kromenhoek ,** having first been sworn under oath and according to law, depose and state that:
      1. I am the Plaintiff herein:

      2. I have read the foregoing Verified Complaint and know the contents therein to be true to my knowledge and belief.

Dated: March 28, 2012

_Judith Kromenhoek_
**Judith Kromenhoek**

      **SWORN AND SUBSCRIBED** before me, a Notary Public, this 28th day of MARCH , 2012.

_____
**NOTARY PUBLIC**

My Commission Expires: _____
Karin A. Bentz, Esq., Notary Public
My Commission Expires: January 6, 2014
LLP: LNP 001-10

SEAL