DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
BARBARA WALTERS,                  )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    Civil No. 2012-24
                                  )
COWPET BAY WEST CONDOMINIUM       )
ASSOCIATION; THE BOARD OF THE     )
COWPET BAY WEST CONDOMINIUM       )
ASSOCIATION; ED WARDWELL, MAX     )
MARCOURT; BILL CANFIELD, ROSIE    )
WELLS, SHARON KOEHLER, DOUG       )
REBAK and HERB HORWITZ as Board   )
members; MAX HARCOURT, in his     )
personal capacity; LANCE          )
TALKINGTON; ALFRED FELICE,        )
ROBERT COKAYNE, and VINCENT       )
VERDIRAMO,                        )
                                  )
            Defendants.           )
_____    )
                                  )
JUDITH KROMENHOEK,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    Civil No. 2012-25
                                  )
COWPET BAY WEST CONDOMINIUM       )
ASSOCIATION; THE BOARD OF THE     )
COWPET BAY WEST CONDOMINIUM       )
ASSOCIATION; ED WARDWELL, MAX     )
MARCOURT; BILL CANFIELD, ROSIE    )
WELLS, SHARON KOEHLER, DOUG       )
REBAK and HERB HORWITZ as Board   )
members; MAX HARCOURT, in his     )
personal capacity; LANCE          )
TALKINGTON; ALFRED FELICE,        )
ROBERT COKAYNE, and VINCENT       )
VERDIRAMO,                        )
                                  )
            Defendants.           )
_____    )
```

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 2


**ATTORNEYS:**

**Karin A. Bentz, Esq.**
Law Office of Karin Bentz, P.C.
St. Thomas, U.S.V.I.
 *For Barbara Walters and Judith Kromenhoek.*

**Joseph G. Riopelle, Esq.**
Boyd Richards Parker & Colonnelli
Tampa, FL
**Carl R. Williams, Esq.**
**Richard P. Farrelly, Esq.**
Birch, Dejongh & Hindels
St. Thomas, U.S.V.I.
 *For Cowpet Bay West Condominium Association, Ed*
 *Wardwell, Max Harcourt, Bill Canfield, Rosie Wells,*
 *Sharon Koehler, Doug Rebak, Robert Cockayne, Vincent*
 *Verdiramo, and Herb Horwitz.*

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
 *Lance Talkington.*

**Ryan C. Meade, Esq.**
Quintairo, Prieto, Woo & Boyer, P.S.
Miami, FL
 *Alfred Felice.*

### ORDER

**GÓMEZ, J.**

 Before the Court are the motions by Barbara Walters
and Judith Kromenhoek to substitute deceased defendant
Alfred Felice with his personal representative or
successor in interest in Cowpet Bay West Condominium No.
27.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 3

Barbara Walters ("Walters") and Judith Kromenhoek ("Kromenhoek") each own a unit in the Cowpet Bay West Condominium complex on Saint Thomas in the United States Virgin Islands ("Cowpet Bay West"). Cowpet Bay West is governed by the Cowpet Bay West Condominium Association Board (the "Condo Association Board"). An Internet web log, the Cowpet Bay Blog, is allegedly maintained by Cowpet Bay West resident Lance Talkington. The instant dispute arose out of a series of incidents related to Walters's and Kromenhoek's emotional support dogs, actions of the Condo Association Board, and comments posted on the Cowpet Bay Blog.

Walters and Kromenhoek each filed complaints on April 9, 2012, against several defendants including Alfred Felice ("Felice").[1] Subsequently, on June 1, 2012, Attorney Ryan C. Meade, Attorney of record for Alfred Felice, filed a notice of death as to Alfred Felice (ECF No. 28). There are no attachments or exhibits associated with the document.

---

[1] Pursuant to Fed. R. Civ. P. 42, the two cases will be joined for the specific purpose of resolving the pending motions to substitute.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 4

On September 4, 2012, more than 90 days after the notice of death was filed, Kromenhoek filed a motion to substitute Felice with his personal representative and/or successor in interest.[2] On June 14, 2013, the Court denied the motion to substitute and granted leave to file a second motion to substitute until June 28, 2013. Walters and Kromenhoek each filed a second motion to substitute before that deadline.

---

[2] The Certificate of Service associated with the motion to substitute indicates that copies of the motion were sent electronically to:

John H. Benham, III, Esq.
Benham & Chan
P.O. Box 11720
St. Thomas, Virgin Islands 00801
E-mail: benham@bclawvi.com

and

Richard P. Farrelly, Esq.
Birch de Jongh & Hindels, PLLC
1330 Taarneberg
St. Thomas, Virgin Islands 00802
E-mail: rfarrelly@bdhlwvi.com

and by U.S. mail to

Ryan S. Meade, Esq.
Quintairos, Prieto, Wood & Boyce, P.A.
9300 South Dadeland Blvd; 4th Floor
Miami, Florida 333156

(Civil No. 2012-24, ECF No. 55.) There is no indication that any hard copies were mailed to any personal representative or successor in interest to Felice.

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 5

Federal Rule of Civil Procedure 25 provides the procedure required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

"When a party to a lawsuit dies, the threshold consideration pursuant to Rule 25(a)(1) is whether the claim is extinguished." *Giles v. Campbell,* 698 F.3d 153, 155-56 (3d Cir. 2012). In its June 14, 2013, Order, the Court addressed whether each of Walters's and Kromenhoek's claims against Felice would be extinguished

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 6

on Felice's death. The Court found that all claims against Felice survived his death. *Walters v. Cowpet Bay W. Condo. Ass'n*, CV 2012-24, 2013 WL 2988021 (D.V.I. June 14, 2013).

The Court must now determine whether it has personal jurisdiction over Felice's representative or successor. *Giles,* 698 F.3d at 158 (citing *Ayres v. Jacobs & Crumplar, P.A.,* 99 F.3d 565, 570 (3d Cir. 1996)). Rule 25(a)(3) requires that the suggestion of death as well as the motion to substitute be served in accordance with Rule 5 for parties and in accordance with Rule 4 for nonparties.

Walters and Kromenhoek move for Felice's widow, Rosemary Felice, to be substituted for him. Rosemary Felice is not a party. Therefore, a motion to substitute must be served on her pursuant to Rule 4. The appropriate provision of Rule 4 for serving individuals located in a judicial district of the United States is 4(e). Rule 4(e) provides:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 7

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:
**(A)** delivering a copy of the summons and of the complaint to the individual personally;
**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rosemary Felice was not served by any method listed in Rule 4(e)(2). Walters and Kromenhoek did not deliver the motion personally to Rosemary Felice. Walters and Kromenhoek did not leave a copy of the motion with someone who resides at Rosemary Felice's dwelling or usual place of abode. Walters and Kromenhoek did not deliver the motion to an agent authorized to receive process for Rosemary Felice.

Under Rule 4(e)(1), Rosemary Felice could be served in any manner proper under either the laws of (1) the jurisdiction where the district court is located, the

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 8

Virgin Islands, or (2) where service is made, in New

York.

The Virgin Islands Code provision dealing with

service of process provides no additional information

about the proper manner of service of process. 4 V.I.C. §

82(c) ("Summonses, complaints, and subpoenas shall be

served in the same manner as summonses are required to be

served by Rule 4 of the Federal Rules of Civil

Procedure."). Therefore, service is proper if service was

made in accordance with New York law.

Rule 308 of the New York Civil Practice Law and

Rules provides, in pertinent part, that process may be

served on a natural person:

> 2. by delivering the summons within the
> state to a person of suitable age and
> discretion at the actual place of
> business, dwelling place or usual place
> of abode of the person to be served and
> by either mailing the summons to the
> person to be served at his or her last
> known residence or by mailing the summons
> by first class mail to the person to be
> served at his or her actual place of
> business in an envelope bearing the
> legend "personal and confidential" and
> not indicating on the outside thereof, by
> return address or otherwise, that the
> communication is from an attorney or
> concerns an action against the person to
> be served, such delivery and mailing to
> be effected within twenty days of each

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 9

> other; proof of such service shall be
> filed with the clerk of the court
> designated in the summons within twenty
> days of either such delivery or mailing,
> whichever is effected later; service
> shall be complete ten days after such
> filing; proof of service shall identify
> such person of suitable age and
> discretion and state the date, time and
> place of service, except in matrimonial
> actions where service hereunder may be
> made pursuant to an order made in
> accordance with the provisions of
> subdivision a of section two hundred
> thirty-two of the domestic relations law
> . . . .

N.Y. C.P.L.R. 308(2) (McKinney).

Here, Walters and Kromenhoek filed a return of
service, which was completed by Randy Barona ("Barona"),
a process server. Attached to the return of service is
the affidavit of Barona. Barona avers that he delivered a
summons directed to Rosemary Felice to a security guard
at Rosemary Felice's residence. (Process Server
Affidavit, ECF No. 126-1.) Barona further states that the
security guard was approximately 25-30 years of age.
(*Id.*) Subsequently, Barona mailed Walters and
Kromenhoek's motion to substitute party to Rosemary
Felice at 89 Carriage Lane, Plainview, New York 11803, in
an envelope marked "PERSONAL and CONFIDENTIAL." The

*Walters v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-24
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Civil No. 2012-25
Order
Page 10

envelope did not indicate on the outside that it concerns a legal matter. The motion to substitute party was mailed within 20 days of Barona's delivery to the security guard. The copy was mailed on July 2, 2013. Proof of service was filed with the Clerk of Court on July 8, 2013, within 20 days of mailing. Under New York law, this service of process was valid.

However, there is no indication that a suggestion of death was ever served on Rosemary Felice as required by Rule 25(a)(3).

The premises considered, it is hereby

**ORDERED** that Walters's and Kromenhoek's motion to substitute parties is **DENIED;** it is further

**ORDERED** that the plaintiffs shall, to the extent they wish to do so, have leave to file and serve a suggestion of death until March 28, 2014, the failure of which may result in the dismissal of all claims asserted against Alfred Felice.

S\_____
         **Curtis V. Gómez**
         **District Judge**