# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JUDITH KROMENHOEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-0025 |
| ) | |
| COWPET BAY WEST CONDOMINIUM ) | |
| ASSOCIATION; THE BOARD OF THE ) | |
| COWPET BAY WEST CONDOMINIUM ) | |
| ASSOCIATION; ED WARDWELL, MAX ) | |
| MARCOURT; BILL CANFIELD, ROSIE ) | |
| WELLS, SHARON KOEHLER, DOUG REBAK ) | |
| and HERB HORWITZ as Board members; ) | |
| MAX HARCOURT, in his personal capacity; ) | |
| LANCE TALKINGTON; ALFRED FELICE, ) | |
| ROBERT COKAYNE, and VINCENT ) | |
| VERDIRAMO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
Law Offices of Karin A. Bentz, P.C.
St. Thomas, U.S.V.I.
    *For Judith Kromenhoek*,

**Kyle Thomas Berglin, Esq.**
Boyd Richards Parker & Colonnelli, P.L.
Miami, FL
**Richard P. Farrelly, Esq.**
Birch, de Jongh & Hindels, PLLC
St. Thomas, VI
    *For Cowpet Bay West Condominium Association, The Board of the Cowpet Bay West Condominium Association, Ed Wardwell, Max Harcourt, Bill Canfield, Rosie Wells, Sharon Koehler, Doug Rebak, Robert Cockayne, Vincent Verdiramo, and Herb Horwitz,*

**John H. Benham, III, Esq.**
Law Office of John H. Benham, P.C.
St. Thomas, VI
    *For Lance Talkington,*

**Ryan C. Meade, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
Miami, FL
    *For Alfred Felice.*

## ORDER

**BEFORE THE COURT** is the motion of Judith Kromenhoek for summary judgment against defendant Alfred Felice. (ECF No. 313.) For the reasons stated below, the Court will deny the motion without prejudice.

Judith Kromenhoek ("Kromenhoek") owns a unit in the Cowpet Bay West Condominium complex on St. Thomas in the United States Virgin Islands ("Cowpet Bay West"). Cowpet Bay West is governed by the Cowpet Bay West Condominium Association Board (the "Condo Association Board"). An Internet web log, the Cowpet Bay Blog, is allegedly maintained by Cowpet Bay West resident Lance Talkington. The instant dispute arose out of a series of incidents related to Kromenhoek's emotional support dog, actions of the Condo Association Board, and comments posted on the Cowpet Bay Blog. Kromenhoek filed a complaint on April 9, 2012, against several defendants including Alfred Felice ("Felice"). Subsequently, on June 1, 2012, Attorney Ryan C. Meade, Attorney of record for Alfred Felice, filed a notice of death as to Alfred Felice. (ECF No. 28.)

On May 13, 2019, Kromenhoek filed the operative complaint in this case. (ECF No. 276.) In the complaint, Kromenhoek continues to allege various claims against Felice.

On January 31, 2020, Kromenhoek filed a motion to substitute Felice with the Estate of Alfred Felice. (ECF No. 312.) On the same date, Kromenhoek filed a motion for summary judgment on her claims against Felice. (ECF No. 313.)

On April 24, 2020, Kromenhoek filed a motion to substitute Felice with Rosemary Felice. (ECF No. 331.)

On November 4, 2020, the Court entered an order denying Kromenhoek's motion to substitute Felice with the Estate of Alfred Felice due to Kromenhoek's failure to comply with the service requirements of Federal Rule of Civil Procedure 25. (ECF No. 339.) In that order, the Court also granted Kromenhoek leave to refile a motion to substitute Felice with the Estate of Alfred Felice. Additionally, in the accompanying memorandum opinion, the

*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 3 of 3

Court explained that "record before it is insufficient to establish that there is an interest of Felice to which Rosemary Felice succeeded that is sufficient to justify substituting her into these cases as Felice's successor in interest." *See* Memorandum Opinion, November 4, 2020, at 9, ECF No. 338. As such, in the November 4, 2020 Order, the Court also granted Kromenhoek leave to supplement the record regarding whether Rosemary Felice is a proper party to substitute for Felice, failing which the Court warned that the motion to substitute Felice with Rosemary Felice will be denied.

Significantly, "a dead person, *qua* a dead person (as opposed to the dead person's estate . . .) cannot sue, be sued, or be joined to a lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020). It follows from this that a court cannot grant summary judgment against a dead person (as opposed to the dead person's estate or other successor or representative). Here, while the Court has granted Kromenhoek leave to supplement and/or refile a motion to substitute Felice with a proper representative or successor in interest, to date, no party has been substituted for Felice. As such, the motion for summary judgment against Alfred Felice is premature. Thus, the Court will deny Kromenhoek's motion for summary judgment without prejudice and permit Kromenhoek to refile her motion if and when a proper representative or successor in interest has been substituted for Felice.

The premises considered, it is hereby

**ORDERED** that Kromenhoek's motion for summary judgment against Alfred Felice, ECF No. 313, is **DENIED** without prejudice. In the event that a proper party is substituted for defendant Alfred Felice, Kromenhoek shall file any motion for summary judgment against the substituted party within fourteen days of any order granting such substitution.

**Dated**: November 5, 2020                             */s/ Robert A. Molloy*
                                                                              **ROBERT A. MOLLOY**
                                                                              **District Judge**