## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

LIANA REVOCK, as Executrix of the ) 
ESTATE of BARBARA WALTERS, )
  )
         Plaintiff, )
  )     Case No. 3:12-cv-0024
         v. )
  )
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; THE BOARD OF THE )
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; ED WARDWELL, MAX )
MARCOURT; BILL CANFIELD, ROSIE )
WELLS, SHARON KOEHLER, DOUG REBAK )
and HERB HORWITZ as Board members; )
MAX HARCOURT, in his personal capacity; )
LANCE TALKINGTON; ALFRED FELICE, )
ROBERT COKAYNE, and VINCENT )
VERDIRAMO, )
  )
         Defendants. )
_____)
  )
JUDITH KROMENHOEK, )
  )
         Plaintiff, )
  )
         v. )     Case No. 3:12-cv-0025
  )
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; THE BOARD OF THE )
COWPET BAY WEST CONDOMINIUM )
ASSOCIATION; ED WARDWELL, MAX )
MARCOURT; BILL CANFIELD, ROSIE )
WELLS, SHARON KOEHLER, DOUG REBAK )
and HERB HORWITZ as Board members; )
MAX HARCOURT, in his personal capacity; )
LANCE TALKINGTON; ALFRED FELICE, )
ROBERT COKAYNE, and VINCENT )
VERDIRAMO, )
  )
         Defendants. )
_____)

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 2 of 8

## ORDER

**BEFORE THE COURT** are the motions of Liana Revock, as Executrix of the Estate of Barbara Walters, and Judith Kromenhoek to substitute deceased defendant Alfred Felice with the Estate of Alfred Felice. (Case No. 3:12-cv-24, ECF No. 336; Case No. 3:12-cv-25, ECF No. 341.) For the reasons outlined below, the Court will grant the motions to substitute.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to her death, Barbara Walters ("Walters") owned a unit in the Cowpet Bay West Condominium complex on St. Thomas in the United States Virgin Islands ("Cowpet Bay West"). Judith Kromenhoek ("Kromenhoek") also owns a unit in Cowpet Bay West. Cowpet Bay West is governed by the Cowpet Bay West Condominium Association Board (the "Condo Association Board"). An Internet web log, the Cowpet Bay Blog, is allegedly maintained by Cowpet Bay West resident Lance Talkington. The instant dispute arose out of a series of incidents related to Walters's and Kromenhoek's emotional support dogs, actions of the Condo Association Board, and comments posted on the Cowpet Bay Blog. Walters and Kromenhoek each filed complaints on April 9, 2012, against several defendants including Alfred Felice ("Felice").[1] Subsequently, on June 1, 2012, Attorney Ryan C. Meade, Attorney of record for Alfred Felice, filed a notice of death as to Alfred Felice. (Case No. 3:12-cv-24, ECF No. 29; Case No. 3:12-cv-25, ECF No. 28.)

On September 4, 2012, Walters and Kromenhoek each filed a motion to substitute Felice with his personal representative and/or successor in interest. On June 14, 2013, the Court denied the motion to substitute because Walters and Kromenhoek had not served any personal representative or successor in interest with the motion to substitute as required by Rule 25(a)(3) of the Federal Rules of Civil Procedure. (Case No. 3:12-cv-24, ECF No. 116; Case No. 3:12-cv-25, ECF No. 115.) In that order, the Court granted leave to file a second motion to substitute until June 28, 2013. *Id.* Walters and Kromenhoek each filed a

---

[1] Pursuant to Fed. R. Civ. P. 42, the two cases will be joined for the specific purpose of resolving the pending motions to substitute.

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 3 of 8

second motion to substitute before that deadline. (Case No. 3:12-cv-24, ECF No. 117; Case No. 3:12-cv-25, ECF No. 116.) Thereafter, Walters and Kromenhoek each filed a notice of proof of service of the second motion to substitute. (Case No. 3:12-cv-24, ECF No. 127; Case No. 3:12-cv-25, ECF No. 126.)

On March 7, 2014, the Court denied the second motion to substitute because Walters and Kromenhoek had not served any personal representative or successor in interest with a statement noting Felice's death as required by Rule 25(a)(3) of the Federal Rules of Civil Procedure. (Case No. 3:12-cv-24, ECF No. 167; Case No. 3:12-cv-25, ECF No. 165.) In that order, the Court granted leave to serve any personal representative or successor in interest with a statement noting death until March 28, 2014. *Id.* On April 1, 2014, Walters and Kromenhoek each filed a notice of proof of service on Rosemary Felice. (Case No. 3:12-cv-24, ECF No. 171; Case No. 3:12-cv-25, ECF No. 172.) At that time however, Walters and Kromenhoek did not refile a motion to substitute for the Court's consideration.

Subsequently, the Court entered judgment in favor of the Defendants in each case. Walters and Kromenhoek each appealed. On June 12, 2017, the Third Circuit issued a mandate reversing in part and vacating in part this Court's judgment in favor of the defendants and remanding this matter for further proceedings. The Third Circuit also directed this Court to determine in the first instance whether to permit substitution for Felice.[2]

On May 13, 2019, Kromenhoek filed the operative complaint in Case No. 3:12-cv-00025. On July 3, 2019, Liana Revock ("Revock"), as executrix for Walters' estate,[3] filed the operative complaint in Case No. 3:12-cv-00024. In these complaints, Revock and Kromenhoek continue to allege various claims against Felice.

---

[2] As noted above, Walters and Kromenhoek did not refile a formal motion for substitution after the Court denied their second motion to substitute. It appears that Walters and Kromenhoek, and the Third Circuit, construed the April 1, 2014 notice as reviving their motion to substitute.

[3] Walters died during the pendency of her case. On July 3, 2019, the Court granted a motion to substitute Walters with Liana Revock, executrix of Walters's estate. (Case No. 3:12-cv-24, ECF No. 264.)

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 4 of 8

On January 31, 2020, Revock and Kromenhoek each filed a motion to substitute Felice with the Estate of Alfred Felice. (Case No. 3:12-cv-24, ECF No. 301; Case No. 3:12-cv-25, ECF No. 312.) Attached to those motions is a petition for temporary and limited administration of the Estate of Alfred Felice that had been filed in a state court in New York. At that time, there was no indication whether the petition had been granted or whether an administrator had been appointed.

On April 24, 2020, Revock and Kromenhoek each filed a motion to substitute Felice with Rosemary Felice. (Case No. 3:12-cv-24, ECF No. 326; Case No. 3:12-cv-25, ECF No. 331.)

On October 7, 2020, Revock and Kromenhoek each filed a motion requesting that the Court rule on their motions to substitute Felice with either Rosemary Felice or the Estate of Alfred Felice. (Case No. 3:12-cv-24, ECF No. 332; Case No. 3:12-cv-25, ECF No. 337.) Attached to those motions is an August 25, 2020 Order issued by the Surrogate's Court of Nassau County, New York. (Case No. 3:12-cv-24, ECF No. 332-2; Case No. 3:12-cv-25, ECF No. 337-2.) That order appoints the Nassau County Public Administrator as the representative of the Estate of Alfred Felice. *See id.* at 2.

On November 3, 2020, the Court entered an Order denying Revock's and Kromenhoek's January 31, 2020, motions to substitute because they had not served the representative of the Estate of Alfred Felice as required by Federal Rule of Civil Procedure 25. (Case No. 3:12-cv-24, ECF No. 334; Case No. 3:12-cv-25, ECF No. 339.) In that order, the Court granted Revock and Kromenhoek leave until November 17, 2020, to file and serve motions to substitute Felice with the Estate of Alfred Felice pursuant to Federal Rule of Civil Procedure 25. The Court also granted Revock and Kromenhoek leave until November 17, 2020, to supplement their motions to substitute Felice with Rosemary Felice.

On November 9, 2020, Revock and Kromenhoek each filed a motion to substitute Alfred Felice with the Estate of Alfred Felice. (Case No. 3:12-cv-24, ECF No. 336; Case No. 3:12-cv-25, ECF No. 341.) Thereafter, on November 13, 2020, Revock and Kromenhoek

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 5 of 8

each filed an affidavit of service sworn to by Alan Feldman ("Feldman"). (Case No. 3:12-cv-24, ECF No. 338; Case No. 3:12-cv-25, ECF No. 343.)

On November 17, 2020, Revock and Kromenhoek each filed a supplement in support of their motions to substitute Alfred Felice with Rosemary Felice. (Case No. 3:12-cv-24, ECF No. 339; Case No. 3:12-cv-25, ECF No. 344.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 25 ("Rule 25") provides the procedure required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

"When a party to a lawsuit dies, the threshold consideration pursuant to Rule 25(a)(1) is whether the claim is extinguished." *Giles v. Campbell*, 698 F.3d 153, 155-56 (3d Cir. 2012). In considering a motion to substitute, a court must also address whether it has personal jurisdiction over the party to be substituted. *Id.* at 155. Moreover, a court should consider whether the party to be substituted is a "proper party." Fed. R. Civ. P. 25(a)(1); *see also Sinito v. U.S. Department of Justice*, 176 F.3d at 516 ("It is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party."). "In the typical case, the proper party [for substitution] would be 'the representative of the decedent's estate who has been appointed under state

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 6 of 8

law.'" *In re Baycol Prod. Litig.*, 616 F.3d 778, 788 (8th Cir. 2010) (citations omitted). Nevertheless, "[w]here there is no appointed representative, and no practical need to seek one, the district court should conduct a more detailed analysis." *Id.*

> [U]nder certain circumstances a person may be a "successor" under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

*Id.* at 784-85. "Decisions on [a] motion for substitution are within the trial court's discretion." *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

In this Court's November 3, 2020 Order, the Court found no reason to disturb its June 14, 2013 finding that Revock's and Kromenhoek's claims against Felice survive his death. As such, the Court must determine only (1) whether the Estate of Alfred Felice is a proper party within the meaning of Rule 25, and (2) whether the Court has personal jurisdiction over the Estate of Alfred Felice.

First, the Court must determine whether the Estate of Alfred Felice is a proper party to substitute for Felice. Significantly, "[i]n the typical case, the proper party [for substitution] would be 'the representative of the decedent's estate who has been appointed under state law.'" *In re Baycol Prod. Litig.*, 616 F.3d at 788 (citations omitted). Here, Revock and Kromenhoek direct the Court to an August 25, 2020 Order issued by the Surrogate's Court of Nassau County, New York. (Case No. 3:12-cv-24, ECF No. 337-2; Case No. 3:12-cv-25, ECF No. 342-2.) That order appoints the Nassau County Public Administrator as the representative of the Estate of Alfred Felice. *See id.* at 2. As such, the Court is satisfied that the Estate of Alfred Felice, represented by the Nassau County Public Administrator, is a proper party to substitute for Alfred Felice.

Second, the Court must determine whether it has personal jurisdiction over the Estate of Alfred Felice. Rule 25(a)(3) requires that the suggestion of death as well as the motion to substitute be served in accordance with Fed. R. Civ. P. 5 for parties and in accordance with Fed. R. Civ. P. 4 ("Rule 4") for nonparties. Walters and Kromenhoek move

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 7 of 8

for the Estate of Alfred Felice, represented by the Nassau County Public Administrator, to be substituted for Felice. The Estate of Alfred Felice is not a party. Therefore, a motion to substitute must be served on the Nassau County Public Administrator pursuant to Rule 4.

The appropriate provision of Rule 4 for serving individuals located in a judicial district of the United States is 4(e). Rule 4(e) provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, Revock and Kromenhoek each filed an affidavit of service, which was completed by Alan Feldman ("Feldman"). (Case No. 3:12-cv-24, ECF No. 338; Case No. 3:12-cv-25, ECF No. 343.) In his affidavit, Feldman avers that he personally served Brian Curran, the Nassau County Public Administrator, with a notice of death of Alfred Felice and the November 9, 2020 motions to substitute Felice with the Estate of Alfred Felice. *Id.* at 1. Significantly, under New York law, a public administrator is authorized to receive service of process in any proceeding in which the Surrogate's Court has ordered the public administrator to appear. *See* N.Y. Surr. Ct. Proc. Act Law § 1123(i)(1). Here, the Surrogate's Court of the County of Nassau appointed the Nassau County Public Administrator for the limited purpose of appearing as a nominal defendant in the instant matters. *See* Case No. 3:12-cv-24, ECF No. 332-2; Case No. 3:12-cv-25, ECF No. 337-2. As such, this service of

*Revock v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0024
*Kromenhoek v. Cowpet Bay West Condominium Association, et al.*
Case No. 3:12-cv-0025
Order
Page 8 of 8

process was valid under Rule 4(e)(2)(C). Thus, the Court concludes that it has personal jurisdiction over the Estate of Alfred Felice.

Having concluded that Revock's and Kromenhoek's claims against Felice survive his death, that the Estate of Alfred Felice is a proper party within the meaning of Rule 25, and that the Court has personal jurisdiction over the Estate of Alfred Felice, the Court will grant the motions to substitute deceased defendant Alfred Felice with the Estate of Alfred Felice. As such, the Court will also deny the motions to substitute deceased defendant Alfred Felice with Rosemary Felice as moot.

The premises considered, it is hereby

**ORDERED** that the November 9, 2020 motions to substitute the Estate of Alfred Felice for deceased defendant Alfred Felice, Case No. 3:12-cv-24, ECF No. 336; Case No. 3:12-cv-25, ECF No. 341, are **GRANTED**; and it is further

**ORDERED** that the April 24, 2020 motions to substitute Rosemary Felice for deceased defendant Alfred Felice, Case No. 3:12-cv-24, ECF No. 326; Case No. 3:12-cv-25, ECF No. 331, are **MOOT.**

**Dated**: December 17, 2020                                    */s/ Robert A. Molloy*
                                                                                    **ROBERT A. MOLLOY**
                                                                                    **District Judge**